UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DESHERIA ANDERSON on her own behalf
and on behalf of all similarly situated individuals,

    Plaintiff,

v.                                                                              CASE NO.:

SLEDGE & ASSOCIATES, LLC, a
Georgia Limited Liability Company, and
GARRIAN SLEDGE, Individually,

    Defendants.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, DESHERIA ANDERSON ("Plaintiff"), on behalf of herself and other similarly situated individuals, by and through the undersigned counsel, files this Complaint against Defendants, SLEDGE & ASSOCIATES, LLC, a Georgia Limited Liability Company ("S&A"), and GARRIAN SLEDGE, individually ("GS") (collectively "Defendants"), and in support thereof states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant

1

to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of this Court over the controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

## PARTIES

3. At all times material hereto, Plaintiff was, and continues to be, a resident of DeKalb County, Georgia.

4. At all times material hereto, S&A was, and continues to be, a Georgia Limited Liability Company. Further, at all times material hereto, S&A was, and continues to be, engaged in business in Georgia, with a principal place of business in Fulton County, Georgia.

5. Based upon information and belief, at all times material hereto, GS was an individual resident of the State of Georgia.

6. At all times material hereto, GS managed and operated S&A.

7. At all times material hereto, GS regularly held and/or exercised the authority to hire and fire employees of S&A.

8. At all times material hereto, GS regularly held and/or exercised the authority to determine the work schedules for the employees of S&A.

9. At all times material hereto, GS regularly held and/or exercised the authority to control the finances and operations of S&A.

10. By virtue of having regularly held and/or exercised the authority to: (a) hire and fire employees of S&A; (b) determine the work schedules for the employees of S&A; and (c) control the finances and operations of S&A, GS is an employer as defined by 29 U.S.C. § 201 et. seq.

11. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA, because she was responsible for processing all mail, faxes, and payroll for Defendants' clients.

12. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

13. At all times material hereto, Defendants were Plaintiff's "employers" within the meaning of FLSA.

14. Defendants were, and continue to be, "employers" within the meaning of FLSA.

15. At all times material hereto, S&A was, and continues to be, "an

enterprise engaged in commerce," within the meaning of FLSA.

16. At all times material hereto, S&A was, and continues to be, an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

17. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

18. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce. Specifically, Defendants had multiple employees who regularly handled accounting and tax equipment and supplies—all necessary and integral to Defendants' business—that were manufactured outside the State of Georgia.

19. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA. Specifically, Plaintiff regularly completed interstate credit card transactions and handled out of state checks.

20. At all times material hereto, Plaintiff was engaged in the "production

of goods for commerce" and subject to individual coverage under the FLSA.

21. The additional persons who may become plaintiffs in this action are/were non-exempt "administrative assistant" employees of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

22. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

23. On or about October 2012, Defendants hired Plaintiff to work as a non-exempt hourly paid "administrative assistant."

24. Plaintiff's job duties included, but were not limited to, answering phones, scheduling appointments, processing payroll for Defendants' clients, and performing other clerical work.

25. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

26. From at least October 2012, and continuing through March 2013,

Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

27. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek, as required by the FLSA.

28. Defendants have violated Title 29 U.S.C. § 207 from at least October 2012, and continuing through March 2013, in that:

 a. Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants; and

 b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and

 c. Defendants failed to maintain proper time records as mandated by the FLSA.

29. Defendants' failure and/or refusal to properly compensate Plaintiff at

the rates and amounts required by the FLSA was willful.

30. Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

31. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

32. Plaintiff re-alleges and incorporates Paragraphs 1 through 31 of the Complaint, as if fully set forth herein.

33. From at least October 2012, and continuing through March 2013, Plaintiff worked in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

34. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

35. At all times material hereto, Defendants failed, and continue to fail,

to maintain proper time records as mandated by the FLSA.

36. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

37. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

38. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

39. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

40. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for

their overtime hours.

41. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for such hours

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§ 2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff pre-judgment interest;

f. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to § 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

g. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 25th day of October 2013.

Respectfully submitted,

Andrew R. Frisch, Esquire
Georgia Bar No. 366105
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268

Fax: 954-327-3013
E-mail: afrisch@forthepeople.com

Trial Counsel for Plaintiff