IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DESHERIA ANDERSON, on her own behalf and on behalf of all similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>SLEDGE & ASSOCIATES, LLC, a Georgia Limited Liability Company, and GARRIAN SLEDGE, Individually,<br><br>Defendants. | CIVIL ACTION NO.<br>No. 1:13-CV-3533-SCJ |

### ORDER

This matter is before the Court on Plaintiffs' Motion for Default Judgment as to Defendant Sledge & Associates, LLC ("S&A"). Doc. No. [20].

### I.  BACKGROUND

Plaintiff Desheria Anderson brings this action to recover unpaid overtime wages, declaratory relief, attorney's fees, and costs under the Fair Labor Standards Act of 1938 ("FLSA"), codified as amended at 29 U.S.C. §§ 201 *et seq.* See Doc. No. [1].

On July 23, 2014, the Court entered an Order (Doc. No. [9]) granting Plaintiff's Motion for Default Judgment (Doc. No. [7]) as to Defendant Garrian

Sledge . In that Order, the Court observed that Defendant S&A did not appear to have been served (see Doc. No. [9], p. 1 n.1). Accordingly, the Court entered a separate Order providing a deadline of August 25, 2014 for Plaintiff to show that S&A had been served. See Doc. No. [8].

On August 25, 2014, Plaintiff filed a Response indicating that she had been unable to serve S&A because of the "repeated avoidance of service" of Defendant Garrian Sledge (S&A's registered agent), and requesting an additional 45 days to perfect service. See Doc. No. [12], pp. 1–2. On September 29, 2014, the Court granted Plaintiff until November 13, 2014 to serve S&A. See Doc. No. [13]. Thereafter, on October 17, 2014, Plaintiff effectuated service upon S&A through the Georgia Secretary of State, as provided for under O.C.G.A. § 9-11-4(e)(1). See Doc. No. [17]; see also generally Doc. Nos. [14]–[18].

On November 11, 2014, Plaintiff filed a motion requesting that the Clerk make an Entry of Default against S&A (see Doc. No. [19]). Default against S&A was entered on November 13, 2014, and on November 17, 2014, Plaintiff filed the instant Motion for Default Judgment against S&A (Doc. No. [20]).

2

## II. LIABILITY FOR FLSA VIOLATIONS

The Court incorporates the discussion and analysis set forth in its July 23, 2014 Order granting default judgment against Defendant Garrian Sledge (Doc. No. [9]). As discussed therein, Plaintiff has alleged and presented sufficient evidence that Defendant Garrian Sledge (1) was Plaintiff's Employer, and (2) violated the FLSA by failing to pay Plaintiff "overtime compensation and/or minimum wages." See id. at pp. 6–7 (citing Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008) (" . . . the requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act."). For essentially the same reasons, the Court finds that, given its default in this matter, Defendant S&A likewise is liable for the FLSA violations Plaintiff has set forth in her Complaint.

## III. DAMAGES

Having found Defendant S&A liable for FLSA violations, the Court will now consider damages. The FLSA provides that non-compliant employers are jointly and severally liable for damages. See Lamonica v. Safe Hurricane

Shutters, Inc., 711 F.3d 1299, 1309-10 (11th Cir. 2013); Alvarez Perez v. Sanford-Orlando Kennel Club, Inc., 515 F.3d 1150, 1160 (11th Cir. 2008). Accordingly, and for the reasons set forth in its July 23, 2014 Order (Doc. No. [9], pp. 7-8), the Court finds that Defendant S&A is jointly liable, along with Defendant Garrian Sledge, for damages in the amount of $4,974.75, calculated as follows:

| | |
|---|---:|
| a) Unpaid overtime: | **$2,280.00** |
| b) Liquidated damages for unpaid overtime: | **$2,280.00** |
| c) Costs: | **$414.75** |

## IV.   CONCLUSION

Plaintiffs' Motion for Default Judgment as to Defendant Sledge & Associates, LLC (Doc. No. [20]) is hereby **GRANTED**. The Court awards Plaintiff judgment against Defendant S&A in the amount of $4,560.00, plus costs in the amount of $414.75, for a total of $4,974.75.

The Clerk is **DIRECTED** to enter judgment and costs in favor of the Plaintiff and against Defendant S&A in accordance with this Order, and to **ADMINISTRATIVELY CLOSE** this action. Should Plaintiff fail to file a motion

seeking reasonable attorney's fees within fourteen (14) days of the entry of this Order,[1] the Clerk is **DIRECTED** to **TERMINATE** these proceedings.

**IT IS SO ORDERED,** this __18th__ day of November, 2014.

_____
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE

---

[1] As discussed in the Court's July 23, 2014 Order (see Doc. No. [9], p. 9 n.4), Plaintiff has requested a reasonable attorney's fee in her Complaint (Doc. No. [1], p.10), but has failed to include either (1) a request an attorney's fees or (2) the necessary supporting documentation in either of her Motions for Default Judgment. See Doc. Nos. [7] and [20]. Accordingly, the Court has not entered an award of attorney's fees with this Order. To the extent that Plaintiff seeks attorney's fees in this matter, it must file a proper motion within fourteen (14) days of the entry of this Order. See Fed. R. Civ. P. 54(d)(2)(B).